UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA RICHLICH,                                              File No.  1:16-cv-1262

    Plaintiff,                                              Hon.

vs.

SPECTRUM HEALTH SYSTEMS, INC.
a Michigan Not for Profit Corporation,

    Defendant.

H. Rhett Pinsky, Esq. (P18920)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
146 Monroe Center St., NW – Suite 805
Grand Rapids, MI 49503
616/451-8496

# COMPLAINT AND JURY DEMAND

Plaintiff Lisa Richlich, by her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, represents:

A. **Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 USC §1331, diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this judicial district.

B. <u>Parties</u>

3. Plaintiff is a resident of Oshkosh, Winnebago County, Wisconsin.

4. Defendant is a Michigan not for profit corporation organized under the laws of the State of Michigan with its principal place of business in Kent County, Michigan and doing business in Kent County, Michigan. Defendant operates numerous health organizations, including hospitals.

C. <u>Statement of Facts</u>

5. Plaintiff was employed by Gentex Corporation (hereafter Gentex) in Holland, Michigan, from June 23, 2003 to April 15, 2015. At the time of her termination, she was a purchasing specialist with satisfactory evaluations.

6. On or about February 2, 2015, Plaintiff requested that Gentex grant her leave under the Family Medical Leave Act, the same being 29 USC §2601, et seq. to have neck surgery on March 3, 2015.

7. Gentex granted Plaintiff FMLA leave from March 3, 2015 to April 15, 2015, subject to her providing the necessary medical certification under said Act from her health care provider, Dr. Todd Vitaz, M.D., an employee of Defendant. Despite several requests by Plaintiff to Dr. Vitaz's office to properly complete the required medical certification it failed to do so.

8. Finally, Defendant, through the office of Dr. Todd Vitaz, M.D., provided an appropriate medical certification to Gentex on March 18, 2015. However, the

certification provided by Defendant included certain "progress notes" from her appointment with Dr. Vitaz on February 2, 2015 which set forth her medical history.

9. Plaintiff's medical history disclosed that she "uses illicit drugs (marijuana) about five times per week." In fact, Plaintiff's physician Dr. Patricia Persenaire, on or about June 24, 2014, prescribed medical marijuana for her chronic pain but she rarely used it.

10. Providing said medical history as aforesaid was unnecessary for FMLA certification and unlawful under the Health Insurance Portability and Accountability Act (HIPPA).

11. Plaintiff underwent surgery on March 3, 2015. Her return to work date was April 15, 2015.

12. Upon learning of the disclosure of her medical history from Gentex, Plaintiff on several occasions requested Defendant to correct the medical history to reflect that she used medical marijuana only rarely, and to so advise Gentex. Defendant never corrected Plaintiff's medical history.

13. Gentex upon learning that Plaintiff used marijuana contacted her on March 19, 2015 and advised that she was in violation of Gentex's "Substance Abuse Policy for Employees" and wanted her to submit a drug test which she did on March 25, 2015. Said drug test was negative and Gentex was so advised on March 30, 2015.

14. Despite knowing that Plaintiff had tested negative for illegal drugs, and in particular, marijuana, on April 1, 2015, Gentex offered Plaintiff a severance to

resign her employment which she was encouraged and pressured to accept. In the alternative, Plaintiff would be subjected to Gentex's "Substance Abuse Policy for Employees."

15. Plaintiff accepted a severance because she reasonably believed she would be unfairly subjected to a drug treatment regimen, including counseling, random testing, and a "Last Chance Agreement" under Gentex's "Substance Abuse Policy for Employees" with a likelihood of being discharged without any severance. No reasonable person would agree to remain employed with Gentex under these circumstances. Gentex by forcing Plaintiff to accept a severance as aforesaid constructively discharged her.

16. Based upon the foregoing, Plaintiff represents that Defendant violated HIPPA by disclosing her medical history to Gentex which caused her damage, including but not limited to, lost earnings and benefits, and future lost earnings and benefits and compensatory damages for mental anguish and emotional distress.

### D. Causes of Action

### COUNT I. - NEGLIGENCE

17. Plaintiff incorporates by reference Paragraphs 1 – 16 as Paragraph 17 of this Count I.

18. Pursuant to HIPPA, Defendant owed a duty to Plaintiff only to complete the medical certification under FMLA as aforesaid and not to disclose Plaintiff's medical history to Gentex.

19. Defendant violated said duty by disclosing Plaintiff's medical history as aforesaid.

20. Defendant further violated said duty by failing to correct her medical history and so advising Gentex despite numerous requests by Plaintiff to do so.

21. As a result of Defendant's disclosing Plaintiff's medical history and failing to correct it as aforesaid, Defendant was negligent and such negligence has caused Plaintiff damage for which it is liable, such damages include lost earnings and benefits, future lost earnings and benefits, compensatory damages, including mental anguish and emotional distress and exemplary damages.

**WHEREFORE,** Plaintiff demand judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,0000) Dollars, interest and costs.

### COUNT II. - INVASION OF PRIVACY

22. Plaintiff incorporates by reference Paragraphs 1-21 as Paragraph 22 of this County II.

23. By disclosing Plaintiff's medical history and failing to correct it as aforesaid Defendant has invaded Plaintiff's privacy and placed her in a false light with respect to her employer.

24. As a result of Defendant's invasion of Plaintiff's privacy, and placing her in a false light as aforesaid Defendant has caused Plaintiff damage, including lost

earnings and benefits, future lost earnings and benefits, mental anguish and emotional distress, and exemplary damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, interest and costs.

### COUNT III. - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates by reference Paragraphs 1-24 as Paragraph 25 of this Count III.

26. Defendant's conduct in disclosing Plaintiff's medical history and failing to correct it as aforesaid was extreme and outrageous.

27. Defendant's conduct in disclosing Plaintiff's medical history and failure to correct it as aforesaid was intentional or was done with reckless disregard of its duty to Plaintiff not to disclose her medical history and to correct it upon request.

28. Defendant's conduct as aforesaid caused Plaintiff damage including lost earnings and benefits, future lost earnings and benefits, mental anguish and emotional distress, and exemplary damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, interest and costs.

### COUNT IV. – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff incorporates by reference Paragraphs 1-28 as Paragraph 29 of this Count IV.

30. Defendant knew or should have known that the disclosure of Plaintiff's her medical history and failure to correct as aforesaid would cause Plaintiff emotional distress.

31. Defendant's conduct as aforesaid was negligent in that it violated its duty to Plaintiff not to engage in such conduct.

32. Defendant's negligence caused Plaintiff to suffer damage including lost earnings and benefits, future lost earnings and benefits, mental anguish and emotional distress, and exemplary damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, interest and costs.

Dated: October 24, 2016         PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                Attorneys for Plaintiff


                                By_____/s/ *H. Rhett Pinsky*_____
                                H. Rhett Pinsky (P18920)
                                146 Monroe Center Street, N.W., Suite 805
                                Grand Rapids, MI 49503
                                (616) 451-8496

# JURY DEMAND

Plaintiff Lisa Richlich, by her attorneys Pinsky, Smith, Fayette & Kennedy, LLP, hereby requests trial by jury.

Dated: October 24, 2016     PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff


By  /s/ *H. Rhett Pinsky*
H. Rhett Pinsky (P18920)
146 Monroe Center Street, N.W., Suite 805
Grand Rapids, MI 49503
(616) 451-8496